IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CARDINAL HEALTH 200, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CASE NO. 2:12-cv-988-MEF |
| | ) | |
| THE HEALTHCARE AUTHORITY | ) | (WO – Do Not Publish) |
| FOR BAPTIST HEALTH, | ) | |
| | ) | |
| Defendant. | ) | |

### **ORDER**

Before the Court is Plaintiff's Motion to File Unredacted Complaint Under Seal. (Doc. #2.) Plaintiff's only argument in support of this motion is that the contents of the contract at issue in this case are "subject to a confidentiality provision." (Doc. #2.)

A district court's authority to seal documents in the court record comes from Federal Rule of Civil Procedure 26(c). That rule gives a district court authority to issue a protective order, upon a showing of good cause, "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). A court has a duty to ensure that a motion to seal is supported by good cause even when no third party challenges such motion. *See Brown v. Advantage Eng'g, Inc.*, 960 F.2d 1013, 1016 (11th Cir. 1992) ("Once a matter is brought before a court for resolution, it is no longer solely the parties' case, but also the public's case."). Thus, the good cause standard under Rule 26(c) requires a district court to balance the public's interest in obtaining access to the information sought to be sealed against the moving party's interest in keeping the information confidential. *See Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1313

(11th Cir. 2001).

In accordance with the foregoing precedent, the Court finds that Plaintiff has not met its burden of showing that its interest in placing its complaint under seal outweighs the public's right of access to these judicial records.  *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589 (1978); *Chicago Tribune*, 263 F.3d at 1314–15 (11th Cir. 2001).  Plaintiff's sole support for its motion is that the contract at issue in this case contains a confidentiality provision.  This reason alone is insufficient to support a finding of "good cause" required by Federal Rule of Civil Procedure 26(c).

Accordingly, it is hereby ORDERED that Plaintiff's Motion is DENIED with leave to refile its motion with specific arguments and supporting legal precedent as to why the complaint should be placed under seal.

The Clerk of Court is hereby DIRECTED to UNSEAL Plaintiff's Complaint (Doc. #1) and any accompanying exhibits.

DONE this the 8th day of November, 2012.

                                                   /s/ Mark E. Fuller
                                        UNITED STATES DISTRICT JUDGE